1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12   KERRY L. LEICK,                    )
                                        )        2:07-cv-49-GEB-DAD
13                    Plaintiff,        )
                                        )
14        v.                            )        ORDER*
                                        )
15   HARTFORD LIFE AND ACCIDENT         )
     INSURANCE COMPANY aka THE          )
16   HARTFORD,                          )
                                        )
17                    Defendant.        )
     _____)

18

19             On April 11, 2007, Plaintiff filed a motion for discovery in

20   this ERISA action, arguing she is entitled to the following discovery

21   outside the administrative record: the identity of Defendant's

22   personnel who handled the administrative record or claim file; the

23   identity of individuals Defendant consulted or who provided input to

24   the determination of non coverage; any and all of Defendant's

25   administrative and claims procedures governing the determination of

26   coverage; any and all policy language used by Defendant in disability

27   _____

28        *    This matter was determined to be suitable for decision without
     oral argument.  L.R. 78-230(h).

policies insuring persons covered by the Ace Hardware Corporation policy; any and all materials demonstrating a conflict of interest possessed by Defendant in the determination of coverage due to its dual role of funding and administering the plan; and the depositions of all identified persons who were instrumental in forming the determination of non coverage made by Defendant or who provided information instrumental in making that determination.[1]  (Mot. for Disc. ("Mot.") at 3:6-19.)  Defendant opposes the motion, arguing that "the Court's review is limited to the administrative record."  (Opp'n at 1:7-8.)

                              BACKGROUND

        Plaintiff purchased a disability policy from Defendant in August 1991.  (Mot. at 2:3-4.)  Later that same year, Plaintiff became disabled due to illness.  (Id. at 2:6.)  Plaintiff received disability payments from Defendant from April 1992 through November 17, 2005.  (Id. at 2:6-9.)  Defendant terminated its payments to Plaintiff on November 17, 2005, claiming that she was no longer disabled.  (Id. at 2:8-10.)

                              ANALYSIS

        Both parties agree that the de novo standard of review applies to this action.  (See Opp'n at 3:6-7; Reply at 2:14-15.)  "Discovery outside the administrative record under the de novo standard is limited to unusual cases."  Steiner v. Hartford Life &

---

    [1]    Plaintiff also argued, for the first time in her Reply brief, that she is entitled to discovery on the issue of whether the administrative record is valid; however, this argument is disregarded because new matters should not be raised in the Reply brief.  (Reply at 4:7-8; see Stewart v. Wachowski, 2004 WL 2980783, at *11 (C.D. Cal. Sept. 28, 2004) ("Courts decline to consider arguments that are raised for the first time in reply.").)  This ruling moots Defendant's motion to strike the new arguments raised in Plaintiff's Reply brief.

<u>Accident Ins.</u>, 2004 WL 2271599, at *2 (N.D. Cal. June 4, 2004).  Such discovery is allowed "'only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision.'"  <u>Van Gerwen v. Guarantee Mut. Life Co.</u>, 214 F.3d 1041, 1047-48 (9th Cir. 2000) (quoting <u>Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan</u>, 46 F.3d 938, 944 (9th Cir. 1995)).  "In a few instances when courts have permitted discovery outside [the administrative] record, it has been for the purpose of justifying a shift to a heightened standard of review, from abuse of discretion to de novo review.  [Plaintiff] has already stipulated that de novo review is appropriate in this case, so extra-record discovery [for that purpose] is not necessary."  <u>Steiner</u>, 2004 WL 2271599, at *2; <u>Grosz-Salomon v. Paul Revere Life Ins. Co.</u>, 237 F.3d 1154, 1162 n.34 (9th Cir. 2001) (stating where "de novo review applies, [Plaintiff's] contention that she should have been allowed further discovery to show a conflict of interest [need not be addressed], since the point of showing a conflict of interest is to obtain a more demanding standard of review than abuse of discretion.").

Here, Plaintiff's mere articulation of the discovery she seeks does not establish that this is the type of case in which discovery outside the administrative record is necessary to an adequate de novo review.  Nor does Plaintiff's bare argument that this discovery will aid Plaintiff in "her effort to determine whether [a] structural conflict of interest in the review of [her] claim influenced the decision[]" satisfy the standard, since it does not evince that the administrative record itself is inadequate for her to challenge the benefit decision.  (Mot. at 3:26-27.)

<u>CONCLUSION</u>

        For the reasons stated, Plaintiff's request for discovery outside the administrative record is denied.


IT IS SO ORDERED.

Dated:  June 27, 2007


                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge